**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**EDDIE WHITEHEAD**                                                           **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.** _5:23-cv-40-DCB-BWR_

**AUTOZONERS, LLC**                                                           **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Eddie Whitehead, by and through counsel, Watson &

Norris, PLLC, and files this action to recover damages for violation of his rights under

Title VII of the Civil Rights Act of 1964 for race discrimination, 42 U.S.C. § 1981 for race

discrimination, and for age discrimination pursuant to the Age Discrimination in

Employment Act of 1967 (ADEA), against Defendant AutoZoners, LLC.  In support of

this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Eddie Whitehead, is a 66-year-old Caucasian male resident of

Lincoln County, Mississippi.

2.      Defendant, AutoZoners, LLC, is a Nevada limited liability company

licensed to do business in the state of Mississippi that may be served with process

through its registered agent: C T Corporation System, 645 Lakeland Drive East, Suite

101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3.      This Court has federal question and civil rights jurisdiction for actions that

arise under Title VII, 42 U.S.C. § 1981 and the ADEA.

1

4.      This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5.      Plaintiff timely filed a Charge of Discrimination with the EEOC on January 30, 2023, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on April 6, 2023, a true and correct copy of which is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

## STATEMENT OF FACTS

6.      Plaintiff is a 66-year-old white male resident of Lincoln County, Mississippi.

7.      Plaintiff was hired on February 10, 2022, as a Part-Time Driver for Defendant.

8.      Beginning around the beginning of October 2022, Plaintiff expressed on several occasions to Store Manager Victoria Smith (black female) that he was interested in being promoted to a Full-Time Driver position, i.e., this would have meant a pay increase.

9.      In November 2022, Ms. Smith promoted recently hired Ryan Newton (40s to early 50s black male) to the position of Full Time Driver, effectively passing over Plaintiff for the job.

10.      Like Plaintiff, Mr. Newton was hired as a Part Time Driver; however, Mr. Newton was promoted after only about two weeks to the Full-Time Driver position.

2

11.    Similarly, 19-year-old Ben Johnson (white male) was hired as a Sales Associate, yet during the fall of 2022, he too was promoted to the position of Full Time Driver, and again Plaintiff was passed over for the promotion.

12.    On January 30, 2023, Plaintiff filed an EEOC Charge of Race and Age Discrimination against Defendant.

13.    During early February 2023, Defendant hired Prince Bouie (black male – approximately 40 years old) as a Part Time Driver.

14.    Around mid-February 2023, Ms. Smith approached Plaintiff and asked him if he was still interested in being hired as a Full Time Driver.

15.    Plaintiff responded that he was.

16.    On February 22, 2023, Mr. Bouie was promoted to the position of Full Time Driver.

17.    Also on February 22, 2023, Commercial Manager Jansky McCoy stated to Plaintiff, "Eddie, you are just old!"

18.    On April 6, 2023, the EEOC issued Plaintiff a Right to Sue.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

19.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20.    Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of Title VII.

21.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

3

22.    The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II: VIOLATION OF 42 U.S.C § 1981 – RACE DISCRIMINATION

23.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 22 above as if fully incorporated herein.

24.    Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of 42 U.S.C. § 1981.

25.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, axiety and emotional distress.

26.    The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

### COUNT III:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

27.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 26 above as if fully incorporated herein.

28.    Defendant has discriminated against Plaintiff because of his age based on the facts identified above which constitutes a violation of the Age Discrimination in Employment Act.

29.    Plaintiff has suffered lost wages, benefits and other pecuniary losses.

30.    The unlawful actions of Defendant complained of above were willful and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Lost benefits;
7. A tax gross-up and all make whole relief:
8. Pre-judgment and post-judgment interest;
9. Attorney's fees;
10. Costs and expenses; and
11. Any other relief to which she may be properly entitled under Title VII, 42 U.S.C. § 1981 and the ADEA.

THIS the 4th day of May 2023.

Respectfully submitted,

EDDIE WHITEHEAD, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com